CHRISTOPHER A. GILLIARD and )
JULIA A. GILLIARD, )
)
    Plaintiffs, )
)
v. ) No. 3:12-CV-236
) Judge Phillips
JP MORGAN CHASE BANK, N.A., )
WILSON & ASSOCIATES, PLLS, )
ANGELA BOYD, )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC., )
CIT GROUP CONSUMER FINANCE, INC., )
US BANK NATIONAL ASSOCIATION, )
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiffs have brought this action against defendants alleging violations of the Truth-In-Lending Act (TILA); violations of the Real Estate Settlement Procedures Act (RESPA); violations of the Fair Debt Collection Practices Act (FDCPA); violations of the Tennessee Consumer Protection Act (TCPA); slander of title/quiet title; negligent supervision; fraud and injurious falsehood. Before the court are the defendants' motions to dismiss plaintiffs' complaint. For the reasons which follow, defendants' motions are granted and this action is dismissed.

## I. Background

On May 20, 2005, plaintiffs executed a promissory note (Note) in the amount of $68,000 in favor of CIT Group Consumer Finance, Inc. As security for the Note, plaintiffs executed a Deed of Trust which identified Mortgage Electronic Registration Systems, Inc., as beneficiary and nominee for CIT Group. The property secured by the Deed of Trust was a residence located at 1019 Bennett Street, Sweetwater, Tennessee. Paragraph 1 of the Note states:

> In return for a loan that I have received, I promise to pay the Principal Balance stated above (this amount is called "principal"), plus interest and all other charges, costs and fees stated, to your order. The lender is CIT Group/Consumer Finance, Inc. I understand that You may transfer this Note.

The complaint states that the loan was immediately sold by CIT to EMC Mortgage Corporation. Plaintiffs defaulted on the loan. In the event of default, the Deed of Trust specifically permits the lender to require immediate payment of the unpaid debt and authorizes the trustee, at the request of the lender, to sell the property at public auction. Foreclosure proceedings were instituted in May 2012.

Plaintiffs filed the instant action on May 18, 2012, alleging seventeen (17) causes of action against defendants including violations of the Truth-In-Lending Act (TILA); violations of the Real Estate Settlement Procedures Act (RESPA); violations of the Fair Debt Collection Practices Act (FDCPA); violations of the Tennessee Consumer Protection Act (TCPA); slander of title/quiet title; negligent supervision; fraud and injurious falsehood.

## II.  Motion to Dismiss

When evaluating a complaint in light of a Rule 12(b)(6), Federal Rules of Civil Procedure, motion to dismiss, the court must accept all of the plaintiff's allegations as true and resolve every doubt in the plaintiff's favor.  *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir. 1990).  A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  To survive a Rule 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claim.  *Miller ,* 50 F.3d at 377.  The court must construe the claim in a light most favorable to the plaintiff, accept the factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims.  *Twombly*, 550 U.S. at 570; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).  A court should assume the veracity of well pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Plaintiffs' legal theory appears to be that because the loan was securitized and registered with the SEC as a Real Estate Mortgage Investment conduit, "the loan was converted into a security owned by thousands of shareholders throughout the world," "the state of the plaintiffs' loan changed and was converted forevermore into a stock," and the

3

loan "forever lost its security." Plaintiffs contend that "the lender can no longer claim that it is a real party in interest, or even that the loan still exists as a loan, since double dipping is a form of securities fraud." Plaintiffs conclude that none of the defendants have any interest in the loan or the authority to foreclose; therefore, "defendants have illegally continued to attempt to collect on a nonexistent debt since July 1, 2005."

Defendants have moved to dismiss all counts of the complaint, arguing that plaintiffs have failed to state a claim upon which relief can be granted.

### III. TILA Claims

Counts I through X and XVII of the complaint allege claims under the TILA. An action for damages under the TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e). Section 1640(e) specifically states, in pertinent part, that "any action under this section may be brought in any United States District Court . . . within one year from the date of the occurrence of the violation . . . ." *Id.*

Plaintiffs base their claims under TILA on the loan transaction that occurred on May 20, 2005, approximately seven years prior to the filing of their complaint. The complaint states that plaintiffs executed the Note and Deed of Trust on or about May 20, 2005. The complaint further states that "plaintiffs' loan was immediately sold and securitized after closing." It is clear from the allegations of the complaint that the latest date upon which the alleged violations occurred would have been "immediately after closing on May 20, 2005." Thus, any claims arising under the TILA were required to be filed no later

4

than May 20, 2006.  Plaintiffs filed the instant complaint on May 18, 2012, well past the one-year statute of limitations.  Therefore, the court finds that Counts I through X and Count XVII are barred by the one-year statute of limitations.

Plaintiffs also allege in Count I that the loan transaction failed to comply with Article 9 of the Uniform Commercial Code (UCC).  Under Tennessee law, Article 9 of the UCC does not apply to the creation or transfer of an interest in or lien on real property.  Tenn. Code Ann. § 47-9-109(d)(11).  Since the complaint concerns a loan and Deed of Trust on real property, Article 9 does not apply.

In Count III, plaintiffs allege that the "right to rescind or cancel settlement documents" was not disclosed or given.  Where a lender fails to make required material disclosures, TILA gives the obligor the right to rescind a credit transaction in which a security interest is created in the obligor's home.  15 U.S.C. § 1635.  However, this right to rescind has a three-year limitations period.  15 U.S.C. § 1635(f).  The three-year period begins at the "consummation of the transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3).  The purchase of plaintiffs' residence was completed on May 20, 2005; thus any claim to rescind based on TILA violations was required to be brought no later than May 20, 2008.  As stated above, the instant complaint was filed by plaintiffs on May 18, 2012, approximately four years too late.  Therefore, the court finds that Count III is barred by the three-year statute of limitations.  Accordingly, the court finds that plaintiffs' claims against defendants under the TILA are barred by the applicable statute of limitations, and these claims are hereby **DISMISSED.**

## IV. FDCPA Claims

The FDCPA was passed in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e). To succeed on a claim under the FDCPA, a plaintiff must show that the money or property being collected qualifies as a "debt." 15 U.S.C. § 1692a(5). Second, the collecting entity must qualify as a "debt collector." 15 U.S.C. § 1692a(6). Third, a plaintiff must show that the debt collector violated a provision of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

As a threshold matter, the court must determine whether defendants are "debt collectors" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6). As a matter of law, liability under the FDCPA can only attach to those who meet the statutory definition of a "debt collector." Courts have held that those who enforce security interests do not qualify as "debt collectors" under the FDCPA, except for the purpose of § 1692f(6).

The majority of courts hold that law firms that initiate non-judicial foreclosure proceedings are not collecting a debt, but rather, enforcing a security interest. In *Stamper v. Wilson & Assocs, PLLC,* 2010 WL 1408585 (E.D.Tenn. Mar. 31, 2010), plaintiff sued defendant for violating the FDCPA in the process of foreclosing on his property. The undersigned found that defendant's actions in initiating a non-judicial foreclosure were not debt collection activities under the FDCPA. "The FDCPA is intended to curtail

6

Case 3:12-cv-00236-TWP-HBG   Document 43   Filed 12/11/12   Page 6 of 14   PageID #: 484

objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is the not object of the foreclosure action. Rather, the lender is foreclosing on its interest in the property." *Id.* at *17. "In other words, . . . law firms that initiate non-judicial foreclosure proceedings are not collecting a debt, but rather, enforcing a security interest." *Id.* at *5; *see also, Fouche v. Shapiro & Massey L.L.P.,* 575 F.Supp.2d 776 (S.D.Miss. 2008) (law firm which initiated a nonjudicial foreclosure proceeding was not collecting a "debt" within the meaning of § 1692(a)(5), and therefore was not subject to the general provisions of the FDCPA).

Here, defendant Wilson & Associates conducted a nonjudicial foreclosure sale, which as stated above, is designated as the enforcement of a security interest as opposed to the collection of a debt. The Deed of Trust specifically provides a power of sale by nonjudicial foreclosure in the event of default. Plaintiffs' complaint admits that they were in default under the loan documents. Accordingly, the court finds that plaintiffs' complaint fails to state a cause of action under the FDCPA, and Count XI is hereby **DISMISSED.**

## V.  RESPA Claims

Count XII of plaintiffs' complaint alleges that defendants failed to timely inform them "of any alleged Appointments, Assignments and Transfers of the mortgage in violation [of] RESPA", and that defendants "failed to timely notify plaintiffs of any change of servicers," and that "plaintiffs have previously made written demands to defendants to show evidence of standing to claim a debt and defendants have refused to evidence such standing."

7

Unfortunately for plaintiffs, the Sixth Circuit has ruled that "RESPA does not authorize suits by members of the public at large; it authorizes suits only by individuals who receive a loan that is accompanied by an unlawful referral, which is plainly an individualized injury." *Carter v. Welles-Bowen Realty Inc.*, 553 F.3d 797, 989 (6th Cir. 2009). Plaintiffs' complaint does not allege that any unlawful referrals occurred; therefore, plaintiffs do not have individual standing to bring an action under RESPA. Moreover, assuming *arguendo*, that plaintiffs have standing to bring an action under RESPA, any such action must be filed within either one year or three years of the violation, depending on the section of RESPA under which suit is brought. *See* 12 U.S.C. § 2614. Plaintiffs closed on their mortgage loan on May 20, 2005. Utilizing the longest limitations period, three years, plaintiffs would have had to file their complaint no later than May 20, 2008. Plaintiffs' complaint filed on May 18, 2012 is thus, untimely. Accordingly, the court finds that plaintiffs' claims against defendants under RESPA are barred by the applicable statute of limitations, and are barred because RESPA does not allow for a private right of action. Plaintiffs' claims for violation of RESPA are hereby **DISMISSED.**

### VI. Slander of Title/Petition to Quiet Title Claims

In Count XIII of their complaint, plaintiffs allege that defendants "knowingly and maliciously communicated, in writing, false statements that have the effect of disparaging the title to property. The plaintiffs have incurred special damage as a result." Count XIII further alleges that none of the defendants has any interest in the property; defendants have caused a cloud on the title; and defendants have wrongfully sent notices of default and foreclosure to plaintiffs.

Libel of title occurs when "a person . . . without privilege to do so, willfully records or publishes matter which is untrue and disparaging to another's property rights in land as would lead a reasonable person to foresee that the conduct of a third party purchaser might be determined by the publication, or maliciously records a document which clouds another's title to real estate." *Johnson v. Madison County*, 2011 WL 4496681 (Tenn.Ct.App. Sept. 29, 2011). To establish a claim for slander of title, a plaintiff must allege "(1) that he has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statements proximately caused the plaintiff a pecuniary loss." *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn.Ct.App. 1999). Statements made with reckless disregard of the property owner's rights or with reckless disregard as to whether the statements are false may be malicious within the scope of a libel of title action. *Id.* To assert this cause of action, plaintiffs must allege "malice . . in express terms or by any such showing of facts as would give rise to a reasonable inference that defendants acted maliciously." *Id.* A good faith, but erroneous claim of title does not constitute a cause of action for libel of title. *Id.*

The court finds that plaintiffs have failed to state a claim under Tennessee law. In their complaint, plaintiffs admit that they executed the Deed of Trust on the property and they admit that they were in default on the loan. By executing the Deed of Trust, plaintiffs authorized the lender and trustee to foreclose on the property by power of sale. A lender and its successors have the right to record a deed of trust against real estate that is offered as security for the loan. Doing so does not create a cause of action for slander

9

of title. The Deed of Trust acts as a security interest in the property; thus, plaintiffs cannot claim superior title. *See Minton v. Long*, 19 S.W.3d 231, 234 (Tenn.Ct.App. 1999) (holding that a properly recorded deed of trust is superior to an after-recorded easement in a quiet title action). Here, by signing the Deed of Trust, plaintiffs agreed to grant the lender superior title to the property. The facts as alleged by plaintiffs in Count XIII do not set forth a claim for slander of title or quiet title action. Accordingly, the court finds that plaintiffs' allegations in Count XIII fail to state a claim for which relief can be granted against defendants, and this claim is hereby **DISMISSED.**

## VII.  TCPA Claims

Count XIV alleges violation of the TCPA, stating that defendants "intentionally instituted unlawful foreclosure against plaintiffs based upon fraudulent documents . . . ." Additionally, plaintiffs allege that defendants fraudulently induced them to enter into a transaction based on material misrepresentations, that this was part of a scheme employed by defendants, and that these acts violated fair trade practices and affected commerce. Plaintiffs' claim is based on the premise that there is no valid deed of trust and the defendants attempted to foreclose without any legal authority.

The Supreme Court of Tennessee has held that the TCPA does not apply to repossession and collateral disposition activities because that conduct does not affect "the advertising, offering for sale, lease or rental, or distribution of any goods, services, or property, as required by the TCPA." *Pursell v. First Amer. Nat. Bank*, 937 S.W.2d 838, 842 (Tenn. 1996); *see also Launius v. Wells Fargo Bank, N.A.,* 2010 WL 3429666, *6

(E.D.Tenn. 2010) (holding that when a debtor defaults on a mortgage payment, and the mortgage holder forecloses upon the collateral that secured the loan, the TCPA does not apply); *Schmidt v. Nat'l City Corp.*, 2008 WL 5248706, *8 (the actions of a bank in repossessing and disposing of its collateral do not constitute violations of the TCPA, even if the bank acted wrongfully in repossessing the collateral); *Hunter v. Washington Mut. Bank*, 2008 WL 4206604, *5 (E.D.Tenn. Sept. 10, 2008). Accordingly, the court finds that plaintiffs' allegations in Count XIV fail to state a claim under the TCPA, and this claim is hereby **DISMISSED.**

### VIII.  Negligent Supervision

Count XV of plaintiffs' complaint alleges a claim for "negligent supervision." Tennessee law allows a plaintiff to recover for harm caused by the intentional act of the defendant's employee, committed outside the scope of the employee's employment, under a theory of negligent supervision. *See Hays v. Patton-Tully Transp. Co.,* 844 F.Supp. 1221, 1222 (W.D.Tenn. 1993). The harm caused by the employee's action must have been foreseeable to the employer. *Id.* A defendant is only under a duty to act to prevent injury from a harm that is foreseeable. If the harm that occurred was not foreseeable, then no duty exists, and no negligence can be found. *Id.; Doe v. Linder Const. Co. Inc.,* 845 S.W.2d 173, 178 (Tenn. 1992).

In reviewing plaintiffs' complaint, it fails to identify any employee of any defendant, who took any intentional action outside the scope of the employee's employment that caused a specific harm to plaintiffs. Plaintiffs merely allege that they were

11

injured, but do not say by whom, when, where or how. Therefore, the court agrees with defendants that the complaint fails to state a claim for negligent supervision upon which relief can be granted. To survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Accordingly, the court finds that plaintiffs' allegations in Count XV fail to state a claim for negligent supervision, and this claim is hereby **DISMISSED.**

## IX. Fraud/Injurious Falsehood

Count XVI of plaintiffs' complaint alleges that defendants committed fraud and made material misrepresentations regarding the ownership of plaintiff's loan. A claim for fraudulent misrepresentation must state (1) defendant intentionally misrepresented a material fact, (2) the defendant knew the misrepresentation was false, (3) the plaintiff reasonably relied on the representation, (4) the misrepresentation involved a past or existing fact, and (5) plaintiff was damaged by relying on the representation. *Henderson v. SAIA*, 318 S.W.3d 328, 338 (Tenn. 2010). In addition, Federal Rule of Civil Procedure 9 requires that claims for fraud "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FRCP 9(b). Rule 9(b) has been interpreted by the federal courts to require allegations of time, place, and content of the alleged fraud, fraudulent intent of the defendant, and the injury resulting. *See Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993).

12

Here, the plaintiffs have failed to allege any factual basis for their claim of fraud/misrepresentation. Moreover, since the allegations of the complaint involve real property, the statute of limitations for any such claim is three years from the accrual of the cause of action. *See* Tenn. Code Ann. § 28-3-105; *Prescott v. Adams*, 627 S.W.2d 1234, 137 (Tenn.Ct.App. 1981). A cause of action accrues for either intentional or negligent misrepresentation when a plaintiff discovers, or in the exercise of reasonable care and diligence should have discovered, the injury and the cause therefor. *Id.* Mere ignorance and failure of the plaintiff to discover the existence of a cause of action is not sufficient to toll the running of the statute of limitations. *Monroe v. First Colony Life Ins. Co.,* 1989 WL 11740, *2 (Tenn.Ct.App. Feb. 15, 1989). The complaint shows that the terms of the loan were available to plaintiffs at the inception of the loan, on May 20, 2005. Thus, a claim had to be filed no later than May 20, 2008, and plaintiffs' complaint filed on May 18, 2012 is untimely. Accordingly, the court finds that plaintiffs' allegations in Count XVI fail to state a claim for which relief can be granted, and plaintiffs' claims for fraud/injurious falsehood are hereby **DISMISSED.**

## X. Conclusion

The defendants' motions to dismiss [Docs. 10, 29, 33] are **GRANTED**; whereby this action is **DISMISSED in its entirety.**

All remaining motions are **DENIED as moot.**

**ENTER:**

      <u>s/ Thomas W. Phillips</u>
United States District Judge